## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MSSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHAWN M. PERRY, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Cause No.: 4:22-cv-00140-MTS** |
| | ) | |
| **ROBERT RINCK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Shawn M. Perry and, for her Complaint for Damages against the above-listed Defendants, state as follows:

## NATURE OF THE CASE

1.      This is a Complaint for Damages brought against four (4) individual police officers along with an individual housing code enforcement official for violations of Plaintiff's Fourth and Fourteenth Amendment rights, cognizable under 42 U.S.C. §§ 1983 and 1988.  As alleged herein, these individual defendant officers and employees, acting in the employment of Defendant St. Louis County and under color of state law, violated Plaintiffs' Fourth Amendment rights by conducting unlawful warrantless searches of Plaintiff's residence and/or failing to intervene to prevent other officers and state officials for violating Plaintiff's Fourth Amendment rights.  Further, Plaintiff also bring claims against Defendant St. Louis County, Missouri under theories of municipal liability ("*Monell*" claims) for failing to supervise and discipline Defendant Rinck and maintaining unconstitutional practices and customs of misusing housing code ordinances and the problem properties unit to conduct unlawful searches and seizures.

1

## PARTIES

2.    Plaintiff Shawn M. Perry (herein "Ms. Perry") is and was, at all times relevant hereto, a citizen of the United States and resident of the State of Missouri.

3.    Plaintiff B.M.S. is a minor child, citizen of the United States and resident of the State of Missouri, and the biological daughter of Plaintiff Shawn M. Perry.

4.    Plaintiff B.D.S. is a minor child, citizen of the United States and resident of the State of Missouri, and the biological son of Plaintiff Shawn M. Perry.

5.    Defendant Robert Rinck (herein "Defendant Rinck") is and/or was, at all times relevant hereto, a citizen of the United States and acting under color of state law as lawfully empowered police officer in the employment of Defendant St. Louis County, Missouri.  As a party to this action, Defendant Rinck is named in his individual capacity.

6.    Defendant Ed Fingers (herein "Defendant Fingers") is and/or was, at all times relevant hereto, a citizen of the United States and was acting under color of state law as lawfully empowered police officer in the employment of Defendant St. Louis County, Missouri.  As a party to this action, Defendant Fingers is named in his individual capacity.

7.    Defendant (First Name Presently Unknown) Ellis (herein "Defendant Ellis") is and/or was, at all times relevant hereto, a citizen of the United States and acting under color of state law as a lawfully empowered police officer in the employment of Defendant St. Louis County, Missouri.  As a party to this action, Defendant Ellis is named in his individual capacity.

2

8.     Defendant Phil Jones (herein "Defendant Jones") is and/or was, at all times relevant hereto, a citizen of the United States and acting under color of state law as a housing inspector in the employment of Defendant St. Louis County, Missouri.  As a party to this action, Defendant Jones is named in his individual capacity.

9.     Defendant Brittany Klein (herein "Defendant Klein") is and/or was, at all times relevant hereto, a citizen of the United States and acting under color of state law as a lawfully empowered police officer in the employment of Defendant St. Louis County, Missouri.  As a party to this action, Defendant Klein is named in her individual capacity.

10.     Defendant Marcellus Speight (herein "Defendant Speight") is and was, at all times relevant hereto, chief building inspector and/or manager of code enforcement for Defendant St. Louis County's Department of Public Works and a final policymaker and decisionmaker for his department.  As a party to this action, Defendant Speight is named in his individual capacity.

11.     Defendant St. Louis County, Missouri, (herein "Defendant St. Louis County") is a body politic, organized and existing pursuant to Missouri law.

## JURISDICTION AND VENUE

12.     Jurisdiction is proper to this Court, pursuant to 28 U.S.C. §§ 1331 and 1343, which provides this Court with original jurisdiction over cases and controversies raising federal questions and claims.  Further, this Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

13.     Venue is proper to this Court as the incidents and events giving rise to Plaintiff's claims arose and occurred within St. Louis County, Missouri and thereby within the geographical boundaries of the Eastern District of Missouri.

## FACTUAL ALLEGATIONS

14.     At all times relevant hereto, Shawn Perry and Brian Shigemura were involved in a long-term domestic relationship.

15.     Ms. Perry and Mr. Shigemura are the biological parents of two minor children, Plaintiffs B.M.S. and B.D.S.

16.     Plaintiff B.D.S. has been diagnosed on the autism spectrum.

17.     At all times relevant hereto, Ms. Perry and Mr. Shigemura shared a permanent address at 7835 Underhill Drive, St. Louis, Missouri, 63133 (herein "the Underhill property").

18.     At all times relevant hereto, Plaintiffs B.M.S. and B.D.S. resided with their parents at the Underhill property.

19.     On or about June 8, 2017, at approximately 1:30 p.m., Ms. Perry and Mr. Shigemura arrived home at their residence on Underhill.

20.     Upon their arrival, Ms. Perry observed a white truck, with markings indicating that it was an official vehicle of Defendant St. Louis County, parked in front of their Underhill property.

21.     On information and belief, Defendants Rinck and Jones were at the Underhill property in response to complaints regarding unlicensed vehicles on the property and the exterior conditions of the residence relating to yard and grass maintenance.

22.    On information and belief, Defendants Rinck and Jones had never observed the inside of the Underhill property nor had any information regarding the interior conditions of the residence located on the Underhill property.

23.    Defendants Rinck and Jones did not have a lawful search warrant, issued by any lawfully empowered court, judge, or magistrate, to enter inside of the residence located on the Underhill property.

24.    Defendants Rinck and Jones did not have probable cause to enter the residence nor to obtain a search warrant to enter the residence.

25.    Mr. Shigemura exited his vehicle and approached the Underhill property while Ms. Perry remained in the car with the children.

26.    From the car, Ms. Perry observed Mr. Shigemura speaking with Defendants Rinck and Jones.

27.    Defendant Rinck was attired in the uniform of the St. Louis County Police Department.

28.    Defendant Rinck is and was, at all times relevant hereto, assigned to the St. Louis County Police Department's Problem Properties Unit.

29.    Defendant Jones is and was, at all times relevant hereto, a housing code enforcement inspector in the employment of Defendant St. Louis County.

30.    Defendant Rinck stated to Mr. Shigemura that:

    a.    he was there regarding the derelict vehicles in the yard;

    b.    he wanted to inspect the property, including the interior of the residence; and

        c.     he wanted to go inside the residence to discuss this matter further with Mr. Shigemura.

31.    Mr. Shigemura refused to consent to Defendants Rinck and Jones entering into the interior of his residence.

32.    As she was sitting in the car, Ms. Perry texted Mr. Shigemura's sister and asked her to come to the Underhill property.

33.    After several minutes, Ms. Perry exited the vehicle and approached Defendant Rinck and Mr. Shigemura.

34.    As Ms. Perry approached, Defendant Rinck spoke into his radio and, on information and belief, requested that additional officers respond to the Underhill property.

35.    Defendant Rinck stated to Ms. Perry and Mr. Shigemura that:

        a.     he wanted to inspect their property, including the interior of the residence;

        b.     "Come on. You know why we're here.";

        c.     they could "do this the easy way or the hard way"; and

        d.     if they did not consent to his search of their property, including the interior of the residence, he would "arrest you [Ms. Perry] right here in front of your kids."

36.    Ms. Perry and Mr. Shigemura expressly refused to give Defendant Rinck consent to search the interior of the Underhill property.

37.     Mr. Shigemura stated to Defendant Rinck that he would need a warrant to search the interior of his residence.

38.     At some point during this conversation, Ms. Perry observed that a male officer, now known to be Defendant Fingers, had arrived at the Underhill property.

39.     Defendant Fingers was attired in the uniform of the St. Louis County police department.

40.     At some point during this conversation, Ms. Perry observed that a female officer, now known to be Defendant Klein, had arrived at the Underhill property.

41.     Defendant Klein arrived in a marked patrol car of St. Louis County and was attired in the uniform of the St. Louis County police department.

42.     Defendant Rinck separated Ms. Perry and Mr. Shigemura from each other.

43.     After separating Plaintiffs, Defendant Rinck spoke to Ms. Perry separately and away from Mr. Shigemura.

44.     Defendant Rinck stated to Ms. Perry that:

    a.      "You need to let me in.";

    b.      "I just wanted to talk.";

    c.      if she did not give him consent to search the interior of the property, he would arrest her on a purported outstanding traffic warrant;

    d.      "I don't want to have to arrest you in front of your children";

    e.      if she allowed him to search the interior of the home, he would do what he could to make certain that the children were allowed to

leave with a family member rather than with a social worker from the Division of Family Services ("DFS"); and

     f.    "If I have to get a warrant, you'll never see your kids again."

45.    Upon hearing Defendant Rinck say that she would never see her children again if she did not consent to the search of the interior of her residence, Ms. Perry became extremely upset and replied that "I guess I don't have much of a choice." or words to that effect.

46.    This aforementioned conversation between Defendant Rinck and Ms. Perry lasted approximately one (1) hour or more.

47.    During this aforementioned conversation between Defendant Rinck and Ms. Perry, Ms. Perry believed that she was in custody and/or was not free to leave.

48.    During this aforementioned conversation between Defendant Rinck and Ms. Perry, Ms. Perry made multiple ad express refusals to consent to Defendant Rinck's request for permissions to conduct a warrantless search of the interior of her residence.

49.    Defendants Rinck, Jones, and Fingers along with Ms. Perry entered into the residence located on the Underhill property.

50.    Mr. Shigemura was kept outside of the residence and in the custody of Defendant Klein.

51.    While inside the residence, Defendants Rinck, Jones, and Fingers searched each and every room of the house, including the basement.

52.    Sometime after exiting the residence, Ms. Perry observed that an additional male officer, now known to be Defendant Ellis, had arrived at the Underhill property.

53.     Defendant Ellis was attired in the uniform of the St. Louis County police department.

54.     At the time when Defendant Ellis arrived, Defendants Rinck, Jones, and Fingers had already been inside Ms. Perry's home, conducted a search of the interior of the home, and had subsequently exited Ms. Perry's home.

55.     Defendant Ellis then entered Plaintiffs' residence located at the Underhill property to conduct a second interior search of the home.

56.     Defendant Ellis made this second entry into Plaintiffs' residence alone and by himself.

57.     Defendant Ellis did not have a search warrant authorizing him to enter the residence.

58.     Defendant Ellis did not have probable cause, consent, and/or any other legitimate and lawful reason to reenter the residence and engage in a second search of the home.

59.     Neither Ms. Perry nor Mr. Shigemura was asked to give nor gave consent for Defendant Ellis to enter the residence and conduct a second search.

60.     On information and belief, Defendant Ellis went through the kitchen, bedrooms, basement, and other rooms of the residence.

61.     Defendant Klein made no efforts to prevent, nor offer any objections to, Defendants Rinck, Jones, Fingers, and Ellis conducting warrantless entries into and searches of Ms. Perry's residence.

9

62.     Defendant Ellis arrested Ms. Perry and Mr. Shigemura for outstanding traffic warrants and allegations of endangering the welfare of a minor.

63.     Defendant Ellis did not speak with Ms. Perry's children prior to arresting Ms. Perry and Mr. Shigemura for on allegations of endangering the welfare of a minor.

64.     Neither Ms. Perry nor Mr. Shigemura were ever charged by the St. Louis County Prosecuting Attorney's Office with crimes of endangering the welfare of a minor.

65.     Defendant Klein took custody of Ms. Perry's children, Plaintiffs B.M.S. and B.D.S., and transferred them into the custody of the Division of Family Services.

66.     Ms. Perry told Defendants Klein and Ellis that Mr. Shigemura's sister was enroute to take custody of the children rather than have them taken by the Division of Family Services.

67.     Defendants Klein and Ellis refused to wait until Mr. Shigemura's sister arrived before transporting Plaintiffs B.M.S. and B.D.S. from the property and into the custody of DFS.

68.     Before being transported away by Defendant Ellis, Ms. Perry left a key to the residence in her mailbox for Mr. Shigemura's sister.

69.     Defendant Ellis and Ms. Perry discussed leaving a key to the residence in the mailbox and Defendant Ellis was aware that Ms. Perry actually did leave a key to the residence in the mailbox.

70.     After Defendants had taken Ms. Perry, Mr. Shigemura, B.M.S. and B.D.S. into custody and all had left the Underhill property, Mr. Shigemura's sister arrived at the Underhill property.

71.    Mr. Shigemura's sister retrieved the key from the mailbox and entered the residence to get Ms. Perry's purse and debit card.

72.    Mr. Shigemura's sister locked the door and took the house key with her when she left the Underhill property.

73.    That same day, at some point after when Mr. Shigemura's sister left the residence and while Ms. Perry and Mr. Shigemura were still in the custody of the St. Louis County Police Department, an officer, believed to be Defendant Ellis, returned to the Underhill Property with a van or vehicle belonging to the St. Louis County Police Department's Crime Scene Unit.

74.    On information and belief, Defendant Ellis looked in the mailbox, presumably looking for the house key.

75.    On information and belief, Defendant Ellis checked the front door in an attempt to reenter the residence.

76.    Neither Ms. Perry nor Mr. Shigemura gave Defendant Ellis or any other officer of the St. Louis County Police Department permission to use the key or to make any further entries into their residence.

77.    After being taken into custody by Defendants Klein and Ellis, Plaintiffs B.M.S. and B.D.S. were removed from Ms. Perry's custody for approximately forty (40) days before physical custody was returned to her by the family court.

78.    Ms. Perry and Mr. Shigemura retained an attorney and incurred legal fees and costs to have their children returned to them.

79. Defendants Rinck and/or Jones issued an immediate order to vacate the Underhill property.

80. Pursuant to St. Louis County ordinances and the International Property Maintenance Code adopted by St. Louis County ordinances, an immediate order to vacate shall only issue when there is *imminent* risk from toxic fumes or of collapse, implosion, or explosion.

81. Ms. Perry's residence located on the Underhill Property posed no imminent risk of toxic fumes, collapse, implosion, or explosion.

82. St. Louis County property ordinances and/or policy, practice, or custom require that orders to be vacate be approved by the chief building inspector and/or manager of code enforcement.

83. Defendant Speight, as the chief building inspector and/or manager of code enforcement, was responsible for making final approvals regarding the issuance of immediate orders to vacate in St. Louis County, including the immediate order to vacate issued for Ms. Perry's residence.

84. On information and belief, Defendant Speight approved the order to vacate issued against Ms. Perry without having ever personally or directly visited or observed Ms. Perry's residence located on the Underhill property.

85. On information and belief, Defendant Speight knew that Defendant Rinck and the housing inspectors under his supervision, including Defendant Jones, would routinely issue immediate orders to vacate properties at their discretion and without legal justification and/or authority.

86.     On or about the morning of June 9, 2017, Ms. Perry and Mr. Shigemura returned to the Underhill property with and at the request of three (3) employees of the Division of Family Services.

87.     While Plaintiffs were at the Underhill property with the DFS employees, Defendant Fingers arrived and was attired in the uniform of the St. Louis County Police Department.

88.     Defendant Fingers stated to Ms. Perry and Mr. Shigemura that they were not allowed inside of their residence due to the order to vacate issued by Defendants Rinck and Jones.

89.     St. Louis County ordinances and/or policies permit residents of properties subject to orders to vacate to be at and/or inside of their properties during daylight hours, in order to abate any allegedly deficient conditions and/or to retrieve personal items.

90.     On information and belief, Defendant Rinck, acting alone and/or in concert with others, routinely prohibited residents of properties subject to orders to vacate for being in their properties during the permitted daylight hours.

91.     On information and belief, Defendant Rinck, acting alone and/or in concert with others, routinely monitored properties subject to orders to vacate and would order any residents he found there to leave, despite the fact that these residents were lawfully allowed to be in their residences during daylight hours, pursuant to St. Louis County ordinances and/or policies.

92.     On information and belief, Defendants St. Louis County and Speight knew that Defendant Rinck routinely used his authority to prohibit and/or discourage residents

of properties subject to orders to vacate for being in their properties during the permitted daylight hours.

93.     Following these events of or about June 7, 2017, Defendant Fingers and Rinck informed Ms. Perry that she would not be allowed back inside of the residence in the future unless she and Mr. Shigemura consented to additional entry into and search of their residence by them and officers of the crime scene investigation unit.

94.     Ms. Perry and Mr. Shigemura refused to consent to any further searches of their residence and/or entry into their home by Defendant Rinck, Defendant Fingers, and/or any other officers of St. Louis County, including officers of the crime scene investigation unit.

95.     Ms. Perry and Mr. Shigemura were prevented by Defendants Rinck and/or Fingers from entering or accessing their residence and/or personal items contained inside for approximately two and one-half (2 ½) to three (3) weeks following Defendant Rinck's issuance of an order to vacate.

96.     In approximately late June to early July 2019, Ms. Perry identified Sergeant Charlie Rodriguez as Defendant Rinck's immediate supervisor.

97.     Ms. Perry spoke to Sergeant Rodriguez, by telephone, and told him that she wanted to file complaints about Defendant Rinck, the investigation and entry into her residence, the taking of her children, and Defendants Rinck and Fingers' refusals to allow her back inside of her residence.

98.     It was only after speaking with Sergeant Rodriguez that Ms. Perry and Mr. Shigemura were allowed to be inside of their residence during daylight hours.

14

99.    As a result of Ms. Perry's complaint, Sergeant Rodriguez asked Defendant Rinck to see all of his orders to vacate and/or case files.

100.    Defendant Rinck refused to cooperate with Sergeant Rodriguez's requests to see his orders to vacate and/or case files.

101.    Sergeant Rodriguez had several discussions with Captain Means, the precinct commander, regarding Ms. Perry's concerns, Defendant Rinck's refusal to produce his order to vacate and/or case files, and other concerns regarding Defendant Rinck.

102.    Sergeant Rodriguez and/or Captain Means recommended and/or intended to seek Defendant Rinck's termination from his employment with the St. Louis County police department as the result of Ms. Perry's complaints and/or other concerns.

103.    In response to Sergeant Rodriguez and/or Captain Means investigations of his actions and/or intentions to seek his termination, Defendant Rinck filed complaints against Sergeant Rodriguez and/or Captain Means with Colonel Busalacki and/or St. Louis County Police Department's Bureau of Professional Standards.

104.    On information and belief, prior to June 8, 2017,  Defendant St. Louis County has received complaints about Defendant Rinck on multiple occasions.

105.    Defendant St. Louis County was aware of these allegations as early November 2011 when a complaining resident filed a complaint with Defendant St. Louis County's Bureau of Professional Standards and a subsequent lawsuit against St. Louis County, Defendant Rinck, and others, regarding a warrantless entry into and search of his property.

15

106.    On information and belief, Defendant St. Louis County has received other and similar complaints to those set forth herein regarding Defendant Rinck.

107.    In approximately June 2015, Defendant Rinck was again the defendant in a lawsuit arising from allegations of a St. Louis County resident's constitutional rights during a problem properties investigation and subsequent search of her residence.

108.    On information and belief, Defendant Rinck has a reputation among his peers and supervisors for being an overly-aggressive officer, including but not limited to having a proclivity for obtaining search warrants and requesting that the Tactical Response Unit those execute search warrants, coercing and intimidating residents into allowing him to make warrantless entries into their residences, and/or making forced warrantless entries into properties.

109.    On information and belief, as of June 2017, Defendant Rinck was one of only two police officers assigned to Defendant St. Louis County's problem properties unit.

110.    Defendant Rinck conducted nearly all of the searches conducted by Defendant St. Louis County's problem properties unit.

111.    Despite the fact that Defendant St. Louis County was aware of Defendant Rinck's prior history and other complaints, Defendant St. Louis County allowed Defendant Rinck to continue in these unlawful activities and practices without fear of repercussion or sanction.

## **LEGAL CLAIMS**

***Count I – Unlawful Search and Seizure in Violation of the Fourth Amendment to the Constitution of the United States of America, Cognizable Pursuant to <u>42 U.S.C. § 1983</u>***

***Plaintiff Shawn Perry against Defendant Robert Rinck***

112.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs by reference and as if set forth fully herein.

113.    As described herein, Defendant Rinck, while acting under color of state law and acting alone and in concert with others, deprived Ms. Perry of her rights privileges and immunities as secured by the Constitution of the United States of America, by and including but not limited to:

(a)    conducting a warrantless entry into and search of her home;

(b)     using coercion and threats to unlawfully compel Ms. Perry to acquiesce to a warrantless entry into and search of her home; and/or

(c)    conducting a warrantless entry into and search of her home without obtaining free and voluntary consent from both her and Mr. Shigemura, co-occupants of the home who were both present at the time of the search.

114.    As a direct and proximate result of the conduct of Defendant Rinck, Ms. Perry has suffered and continues to suffer injuries and damages, including but limited to: infringements and deprivations of her constitutional rights; deprivation of her home, residence, and property; great fear for her personal liberty and security, as well as that of her family; pain of the mind as well as the body; humiliation and embarrassment; fear

and apprehension; depression, anxiety, and loss of enjoyment of life; loss of faith in her society; and consternation.

115.    The acts of Defendant Rinck were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Rinck.

116.    As a result of Defendant Rinck's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, as provided by to 42 U.S.C. §§ 1983 and 1988, and against Defendant Robert Rinck, in his individual capacity, and award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count II – Unlawful Search and Seizure in Violation of the Fourth Amendment of the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C. § 1982

### Plaintiff Shawn Perry against Defendant Rinck

117.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs by reference and as if set forth fully herein.

118.    As described herein, Defendant Rinck, while acting under color of state law and acting alone and in concert with others, deprived Ms. Perry of her rights privileges

and immunities as secured by the Constitution of the United States of America, by and including but not limited to unlawfully seizing and denying her access to, use of, and enjoyment of her property and residence.

119.   As a direct and proximate result of the conduct of Defendant Rinck, Ms. Perry has suffered and continues to suffer injuries and damages, including but limited to: infringements and deprivations of her constitutional rights; deprivation of her property, home, and residence; great fear for her liberty and security, as well as that of her family; pain of the mind as well as the body; humiliation and embarrassment; fear and apprehension; depression, anxiety, and loss of enjoyment of life; loss of faith in her society; and consternation.

120.   The acts of Defendant Rinck were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Rinck.

121.   As a result of Defendant Rinck's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, against Defendant Robert Rinck, in his individual capacity, and award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to

which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

***Count III – Unlawful Search and Seizure in Violation of the Fourth Amendment to the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C. § 1983***

***Plaintiff Shawn Perry against Defendant Ed Fingers***

122.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs by reference and as if set forth fully herein.

123.    As described herein, Defendant Fingers, while acting under color of state law and acting alone and in concert with others, deprived Ms. Perry of her rights privileges and immunities as secured by the Constitution of the United States of America, by and including but not limited to:

> (a)    conducting a warrantless entry into and search of her home;
>
> (b)     using coercion and threats to unlawfully compel Ms. Perry to acquiesce to a warrantless entry into and search of her home; and/or
>
> (c)    conducting a warrantless entry into and search of her home without obtaining free and voluntary consent from both her and Mr. Shigemura, co-occupants of the home who were both present at the time of the search.

124.    As a direct and proximate result of the conduct of Defendant Fingers, Ms. Perry has suffered and continues to suffer injuries and damages, including but limited to: infringements and deprivations of her constitutional rights; deprivation of her home, residence, and property; great fear for her personal liberty and security, as well as that of

her family; pain of the mind as well as the body; humiliation and embarrassment; fear and apprehension; depression, anxiety, and loss of enjoyment of life; loss of faith in her society; and consternation.

125.    The acts of Defendant Fingers were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Fingers.

126.    As a result of Defendant Fingers's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant Ed Fingers, in his individual capacity and to award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count IV – Unlawful Search and Seizure in Violation of the Fourth Amendment of the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C. § 1982

### Plaintiff Shawn Perry against Defendant Ed Fingers

127.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

128.    As described herein, Defendant Fingers, while acting under color of state law and acting alone and in concert with others, deprived Plaintiff of her rights privileges and immunities as secured by the Constitution of the United States of America, by and including but not limited to unlawfully seizing and denying her access to, use of, and enjoyment of her property and residence.

129.    As a direct and proximate result of the conduct of Defendant Fingers, Ms. Perry has suffered and continues to suffer injuries and damages, including but limited to: infringements and deprivations of her constitutional rights; deprivation of her property, home, and residence; great fear for her liberty and security, as well as that of her family; pain of the mind as well as the body; humiliation and embarrassment; fear and apprehension; depression, anxiety, and loss of enjoyment of life; loss of faith in her society; and consternation.

130.    The acts of Defendant Fingers were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Fingers.

131.    As a result of Defendant Fingers' unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant Ed Fingers, in his individual capacity, and award her any and all compensatory damages,

punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count V – Unlawful Search and Seizure in Violation of the Fourth Amendment of the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C. § 1982

### Plaintiff Shawn Perry against Defendant (First Name Unknown) Ellis

132.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

133.    As described herein, Defendant Ellis, while acting under color of state law and acting alone and in concert with others, deprived Plaintiff of her rights privileges and immunities as secured by the Constitution of the United States of America, by and including but not limited to conducting a warrantless entry into and search of her home.

134.    The acts of Defendant Ellis were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Ellis.

135.    As a result of Defendant Ellis's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant (First Name Unknown) Ellis, in his individual capacity, and award her any and all

compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count VI – Unlawful Search and Seizure in Violation of the Fourth Amendment of the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C. § 1982

### Plaintiff Shawn Perry against Defendant Phil Jones

136.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

137.    As described herein, Defendant Jones, while acting under color of state law and acting alone and in concert with others, deprived Plaintiff of her rights privileges and immunities as secured by the Constitution of the United States of America, by and including but not limited to conducting a warrantless entry into and search of her home.

138.    The acts of Defendant Jones were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Jones.

139.    As a result of Defendant Jones' unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant Phil Jones, in his individual capacity, and award her any and all compensatory damages,

punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count VII – Failure to Intervene, Cognizable Pursuant to 42 U.S.C. § 1983

### Plaintiff Shawn Perry against Defendant Brittany Klein

140.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

141.    As described herein and at all times relevant hereto, Defendant Brittany Klein, was a sworn police officer acting under color of state law and, as sworn police officers acting under color of state law, Defendant Klein had a duty to intervene and prevent other police officers and state officials from violating Ms. Perry's constitutionally protected rights

142.    As described herein, Defendants Rinck, Fingers, Jones, and Ellis, while acting under color of state law, individually and in concert with others, violated Ms. Perry's protected Fourth Amendment rights

143.    Defendants Klein had reasonable opportunity to intervene to prevent the actions described herein, including but not limited to by opposing and raising objections to the warrantless entry into and search of Ms. Perry's residence.

144.    Despite having both a duty and opportunity to intervene to prevent the unlawful and unreasonable acts of Defendants Rinck, Fingers, Jones, and Ellis, Defendant Klein failed to take any actions to prevent her fellow officers from engaging in violations of Ms. Perry's protected constitutional rights.

145.    The acts of Defendant Klein, as described herein, were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendants Klein.

146.    As a result of Defendants Klein's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant Brittany Klein, in her individual capacity, and award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count VIII – Deprivation of Due Process, Cognizable Pursuant to 42 U.S.C § 1983

### Plaintiff Shawn Perry against Defendants Rinck, Fingers, Klein, and Ellis

147.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference as if set forth fully herein.

148.    As described herein, Defendants Rinck, Fingers, Klein, and Ellis, while acting under color of state law and acting alone and in concert with others, deprived Plaintiff of her right to Due Process as secured by the Constitution of the United States of

America, by and including but not limited to, removing Plaintiff Perry's children for a period of forty (40) days without legal justification and/or due process.

149.    As a direct and proximate result of the conduct of Defendants Rinck, Fingers, Klein, and Ellis, Ms. Perry suffered and continues to suffer injuries and damages, including but not limited to: deprivation of time with her children; great fear for her liberty and security, as well as that of her family; pain of the mind as well as the body; humiliation and embarrassment; fear and apprehension; depression, anxiety, and loss of enjoyment of life; loss of faith in her society; and consternation.

150.    The actions of Defendants Rinck, Fingers, Klein, and Ellis were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Klein.

151.    As a result of Defendants Rinck, Fingers, Klein, and Ellis' unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant Ed Fingers, in his individual capacity, and award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count IX – Unreasonable Removal from the Home in Violation of the Fourth Amendment of the Constitution of the United States of America, Cognizable Pursuant to *42 U.S.C § 1983*

### Plaintiff B.M.S., through her guardian Shawn Perry, against Defendants Rinck, Fingers, Klein and Ellis

152.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

153.    As described herein, Defendants Rinck, Fingers, Klein, and Ellis, while acting under color of state law and acting alone and in concert with others, deprived B.M.S. of her rights, privileges, and immunities as secured by the Constitution of the United States of America, by and including but not limited to unreasonably removing them from their home and transferring custody to the Division of Family Services.

154.    Defendants Rinck, Fingers, Klein, and Ellis were aware that Mr. Shigemura's sister, B.M.S. biological aunt, was enroute to take custody of B.M.S., on behalf of Ms. Perry, but Defendants Rinck, Fingers, Klein, and Ellis proceeded to take B.M.S. into custody and then transfer her to the custody of the Division of Family Services, where she remained for over forty (40) days.

155.    As a direct and proximate result of the conduct of Defendants Rinck, Fingers, Klein, and Ellis, B.M.S. suffered and continues to suffer injuries and damages, including but not limited to: emotional trauma; fear for her liberty and security; anxiety, fear, and apprehension; and loss of faith in society.

156.    The actions of Defendants Rinck, Fingers, Klein, and Ellis in taking B.M.S. into custody and then transferring her to the custody of the Division of Family Services

was intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to B.M.S.'s rights, thus entitling her to an award of punitive damages against Defendants Rinck, Fingers, Klein and Ellis.

157.   As a result of Defendant Rinck, Fingers, Klein, and and Ellis' unlawful actions and infringements of B.M.S's protected rights, she has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff B.M.S. respectfully prays that this Court enter judgement in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendants Rinck, Fingers, Klein and Ellis, in their individual damages, and award B.M.S., any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count X – Deprivation of Due Process, Cognizable Pursuant to 42 U.S.C § 1983

### Plaintiff B.M.S., through her guardian Shawn Perry against Defendants Rinck, Fingers, Klein, and Ellis

158.   Plaintiff B.M.S. hereby fully incorporates the above-paragraphs, by reference as if set forth fully herein.

159.   As described herein, Defendants Rinck, Fingers, Klein, and Ellis, while acting under color of state law and acting alone and in concert with others, deprived B.M.S. of her rights to Due Process, as secured by the Constitution of the United States

of America, by and including but not limited to, seizing her and keeping her from her parents for a period of forty (40) days without legal justification and/or due process.

160.    As a direct and proximate result of the conduct of Defendants Rinck, Fingers, Klein, and Ellis, B.M.S. suffered and continues to suffer injuries and damages, including but not limited to: deprivation of time with her parents and parental affection; emotional trauma; fear for her liberty and security; anxiety, fear, and apprehension; and loss of faith in society.

161.    The actions of Defendants Rinck, Fingers, Klein, and Ellis were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of B.M.S., thus entitling her to an award of punitive damages against Defendants Rinck, Fingers, Klein, and Ellis.

162.    As a result of Defendants Rinck, Fingers, Klein, and Ellis' unlawful actions and infringements of her protected rights, B.M.S. has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff B.M.S. respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendants Rinck, Fingers, Klein, and Ellis, in their individual capacities, and award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she may be entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count XI – Unreasonable Removal from the Home in Violation of the Fourth Amendment of the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C § 1983

### Plaintiff B.D.S., through his guardian Shawn Perry, against Defendants Rinck, Fingers, Klein and Ellis

163.   Plaintiff B.D.S. hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

164.   As described herein, Defendants Rinck, Fingers, Klein, and Ellis, while acting under color of state law and acting alone and in concert with others, deprived B.D.S. of his rights, privileges, and immunities as secured by the Constitution of the United States of America, by and including but not limited to unreasonably removing him from his home and transferring custody of him to the Division of Family Services.

165.   Defendants Rinck, Fingers, Klein, and Ellis were aware that Mr. Shigemura's sister, B.D.S.'s biological aunt, was enroute to take custody of B.D.S., on behalf of Ms. Perry, but Defendants Rinck, Fingers, Klein, and Ellis proceeded to take B.D.S. into custody and then transfer him to the custody of the Division of Family Services, where he remained for over forty (40) days.

166.   As a direct and proximate result of the conduct of Defendants Rinck, Fingers, Klein, and Ellis, B.D.S. suffered and continues to suffer injuries and damages, including but not limited to: emotional trauma; fear for her liberty and security; anxiety, fear, and apprehension; and loss of faith in society.

167.   The actions of Defendants Rinck, Fingers, Klein, and Ellis in taking B.D.S. into custody and then transferring him to the custody of the Division of Family Services

31

was intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to B.D.S.'s rights, thus entitling him to an award of punitive damages against Defendants Rinck, Fingers, Klein and Ellis.

168.   As a result of Defendant Rinck, Fingers, Klein, and and Ellis' unlawful actions and infringements of B.D.S's protected rights, he has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff B.D.S. respectfully prays that this Court enter judgement in his favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendants Rinck, Fingers, Klein and Ellis, in their individual damages, and award B.D.S., any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count XII – Deprivation of Due Process, Cognizable Pursuant to 42 U.S.C § 1983

### Plaintiff B.D.S., through his guardian Shawn Perry against Defendants Rinck, Fingers, Klein, and Ellis

169.   Plaintiff B.D.S. hereby fully incorporates the above-paragraphs, by reference as if set forth fully herein.

170.   As described herein, Defendants Rinck, Fingers, Klein, and Ellis, while acting under color of state law and acting alone and in concert with others, deprived B.D.S. of his rights to Due Process, as secured by the Constitution of the United States of

America, by and including but not limited to, seizing him and keeping him from his parents for a period of forty (40) days without legal justification and/or due process.

171.    As a direct and proximate result of the conduct of Defendants Rinck, Fingers, Klein, and Ellis, B.D.S. suffered and continues to suffer injuries and damages, including but not limited to: deprivation of time with his parents and parental affection; emotional trauma; fear for her liberty and security; anxiety, fear, and apprehension; and loss of faith in society.

172.    The actions of Defendants Rinck, Fingers, Klein, and Ellis were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of B.D.S., thus entitling him to an award of punitive damages against Defendants Rinck, Fingers, Klein, and Ellis.

173.    As a result of Defendants Rinck, Fingers, Klein, and Ellis' unlawful actions and infringements of her protected rights, B.D.S. has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff B.D.S. respectfully prays that this Court enter judgment in his favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendants Rinck, Fingers, Klein, and Ellis, in their individual capacities, and award him any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she may be entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count XIII – Municipal Liability Arising from Failure to Train, Supervise, and/or Discipline, Cognizable Pursuant to 42 U.S.C § 1983

### Plaintiff Shawn Perry against Defendant St. Louis County

174.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

175.    As described herein, Defendants Rinck and Jones while acting under color of state law and in concert with others, deprived Ms. Perry of her rights, privileges, and immunities as secured by the Constitution of the United States of America, including but not limited to conducting a warrantless entry into and search of her residence and unlawfully seizing and denying her access to the use and enjoyment of her property and residence

176.    Defendant St. Louis County knew and/or should have known that Defendants Rinck and Jones had a history and ongoing pattern and practice of acting in a manner that was violative of the constitutional rights of the citizens of St. Louis County, misusing and abusing his position as a St. Louis County police officer, and conducting unconstitutional and unreasonable searches and seizures of property and residences.

177.    Despite knowledge of Defendants Rinck and Jones' history and ongoing patterns and practices of acting in an unreasonable and/or unconstitutional manner, Defendant St. Louis County's training, supervisory, and/or disciplinary policies were inadequate to prevent Defendant Rinck from continuing to engage in actions which violated the constitutional protections afforded to the citizens of St. Louis County, including Ms. Perry and/or represented an acquiescence to and/or approval of Defendant

Rinck's ongoing patterns and practices of acting in an unreasonable and/or unconstitutional manner.

178.   Defendant St. Louis County's acts and failures to act with respect to Defendant Rinck's conduct was due to deliberate indifference and was so closely related to Defendants Rinck and Jones' violations of Ms. Perry's constitutional rights as to be considered a moving factor.

179.   As a direct and proximate consequence of the acts of Defendant St. Louis County, Ms. Perry suffered damages in the form of, *inter alia*, deprivation of her constitutional rights as guaranteed under the Fourth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

180.   As the result of the actions of Defendants Rinck, Jones, and St. Louis County, Ms. Perry has suffered and continues to suffer injuries and damages, including but not limited to loss of property, emotional distress, and other damages.

181.   As a result of Defendant St. Louis County's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant St. Louis County, and award her any and all compensatory damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count XIV – Municipal Liability Arising from an Unconstitutional Pattern, Practice, or Custom

### Plaintiff Shawn Perry against Defendant St. Louis County

182.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

183.    As described herein, Defendants Rinck, Fingers, Ellis, Jones, and Klein, while acting under color of state law and in concert with others, deprived Ms. Perry of her rights, privileges, and immunities as secured by the Constitution of the United States of America, through conducting an unauthorized and warrantless search of her residence; issuing and enforcing an immediate order to vacate against the property; unlawfully prohibiting and denying Ms. Perry access to her residence; and/or by directing and/or acquiescing to violations of Ms. Perry's rights by subordinates under Defendant St. Louis County's supervisory control.

184.    The misconduct of the individually-named Defendant officers of the St. Louis County Police Department, as described herein, was objectively unreasonable and undertaken with malice, willfulness, and/or reckless indifference to the rights of Ms. Perry.

185.    The misconduct of the individually-named Defendants of the St. Louis County Police Department, as described herein, was authorized by and undertaken pursuant to a practice and custom that what so widespread and well-settled as to constitute a standard operating procedure of Defendant St. Louis County in that it was the standard pattern, practice, and/or custom of Defendant St. Louis County to allow

Defendant Rinck and/or other employees and officials of the problem properties unit to: issue and enforce unlawful immediate orders to vacate against homes and residences; prohibit and/or harass citizens, with properties subject to orders to vacate, from lawfully accessing their properties for purposes of abatement and retrieval of personal possessions; and make unlawful entries into, and conduct unlawful and warrantless searches, of homes and residences in the absence of probable cause and/or any other legal justification.

186.    The serious harms incurred by Ms. Perry were the direct consequence of the official pattern, practice, and custom of Defendant St. Louis County.

187.    Through their failures to take any actions to prevent Defendant Rinck and others from engaging in actions of the types complained of herein, Defendant St. Louis County effectively ratified and/or approved of these actions.

188.    As a direct and proximate consequence of the acts of Defendant St. Louis County, Ms. Perry suffered damages in the form of, *inter alia*, deprivation of her constitutional rights as guaranteed under the Fourth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

189.    As the result of the actions of the individually-named Defendants and Defendant St. Louis County, Ms. Perry has suffered and continues to suffer injury, including deprivation of her property and emotional distress.

190.    As a result of Defendant St. Louis County's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in

this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant St. Louis County, and award her any and all compensatory damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count XV – Unlawful Seizure in Violation of the Fourth Amendment to the Constitution of the United States of America, Cognizable Pursuant to 42 U.S.C. § 1983.

#### Plaintiff Shawn Perry against Defendant Marcellus Speight

191.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs by reference and as if set forth fully herein.

192.    As described herein, Defendant Speight, while acting under color of state law and acting alone and in concert with others, deprived Ms. Perry of her rights privileges and immunities as secured by the Constitution of the United States of America, by and including but not limited to unlawfully seizing and/or authorizing the seizure of her home, through an order to vacate, and thereby denying her access to, use of, and enjoyment of her property and residence.

193.    As a direct and proximate result of the conduct of Defendant Speight, Ms. Perry has suffered and continues to suffer injuries and damages, including but limited to: infringements and deprivations of her constitutional rights; deprivation of her property, home, and residence; great fear for her liberty and security, as well as that of her family;

pain of the mind as well as the body; humiliation and embarrassment; fear and apprehension; depression, anxiety, and loss of enjoyment of life; loss of faith in her society; and consternation.

194.    The acts of Defendant Speight were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Ms. Perry, thus entitling her to an award of punitive damages against Defendant Speight.

195.    As a result of Defendant Speight's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, against Defendant Marcellus Speight, in his individual capacity, and award her any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count XVI – Failure to Train, Supervise, and/or Discipline, Cognizable Pursuant to 42 U.S.C § 1983

### Plaintiff Shawn Perry against Defendant Marcellus Speight

196.    Plaintiff Shawn Perry hereby fully incorporates the above-paragraphs, by reference and as if set forth fully herein.

197.    As described herein, Defendants Rinck and Jones, while acting under color of state law and in concert with others, deprived Ms. Perry of her rights, privileges, and immunities as secured by the Constitution of the United States of America, including but not limited to conducting a warrantless entry into and search of her residence and unlawfully seizing and denying her access to the use and enjoyment of her property and residence

198.    Defendant Jones, as Defendants Rinck and Jones' supervisor, knew and/or should have known that Defendants Rinck and Jones had a history and ongoing pattern and practice of acting in a manner that was violative of the constitutional rights of the citizens of St. Louis County, misusing and abusing their positions as a St. Louis County employees, and conducting unconstitutional and unreasonable searches and seizures of property and residences.

199.    Despite knowledge of Defendant Rinck and Jones' history and ongoing patterns and practices of acting in an unreasonable and/or unconstitutional manner, Defendant Speight's training, supervisory, and/or disciplinary policies were inadequate to prevent Defendants Rinck and Jones from continuing to engage in actions which violated the constitutional protections afforded to the citizens of St. Louis County, including Ms. Perry, and/or represented an acquiescence to and/or approval of Defendant Rinck and Jones' ongoing patterns and practices of acting in an unreasonable and/or unconstitutional manner.

200.    Defendant Speight's acts and failures to act with respect to Defendants Rinck and Jones' conduct was due to deliberate indifference and was so closely related to

Defendants Rinck and Jones' violations of Ms. Perry's constitutional rights as to be considered a moving factor.

201.    As a direct and proximate consequence of the acts of Defendant Speight, Ms. Perry suffered damages in the form of, *inter alia*, deprivation of her constitutional rights as guaranteed under the Fourth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

202.    As the result of the actions of Defendants Rinck, Jones, and St. Louis County, Ms. Perry has suffered and continues to suffer injuries and damages, including but not limited to loss of property, emotional distress, and other damages.

203.    As a result of Defendant Speight's unlawful actions and infringements of her protected rights, Ms. Perry has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Shawn Perry respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant Marcellus, and award her any and all compensatory damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

Respectfully submitted,

_____
Mark J. Pedroli, MBE 50787
***PEDROLI LAW, LLC***
7777 Bonhomme Ave, Suite 2100
Clayton, Missouri 63105
314.669.1817
314-789.7400 Fax
Mark@PedroliLaw.com

and

/s/ Daniel Kolde
Daniel J. Kolde, MBE 64965
P.O. Box 440344
St. Louis, Missouri 63105
Tel: 636.675.5383
daniel.kolde.law@gmail.com

**ATTORNEYS FOR PLAINTIFF**