UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN M. PERRY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-140-MTS |
| ) | |
| ST. LOUIS COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Appointment of Defendant Ad Litem, Doc. [74]. For the reasons that follow, the Court will deny Plaintiff's Motion.

**I.  Background**

Defendant James Ellis ("Defendant" or "Decedent") is a former police officer for St. Louis County who allegedly entered Plaintiff Shawn Perry's residence on June 8, 2017, without a search warrant or probable cause and conducted an interior search of the residence before arresting Plaintiff Perry and Mr. Shigemura for outstanding traffic warrants and endangering the welfare of a minor. *Id.* ¶¶ 7, 19, 55-62.  Shortly thereafter, Plaintiff's children were placed in custody of the Division of Social Services. *Id.* ¶ 77.  Plaintiff alleges these actions infringed on her protected rights. *Id.* ¶ 135.

Two years later, on October 11, 2019, Defendant Ellis died.  Docs. [70], [70-1], [74] ¶ 4. Plaintiff submitted Decedent's "Self-Insurance Policy of St. Louis County, Missouri," as proof of insurance for the purposes of appointing a defendant ad litem.  Doc. [75-1].  In doing so, Plaintiff seeks to appoint an "agent, designee, or corporate representative" of St. Louis County as a defendant ad litem to serve as a qualified person in place of deceased Defendant Ellis, pursuant to

Mo. Rev. Stat. § 537.021,[1] to allow recovery from the deceased's insurer or indemnifier—St. Louis County.  Doc. [74] ¶¶ 8, 11.

## II. Discussion

Missouri law permits the appointment of a defendant ad litem in cases where "a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer."  Mo. Rev. Stat. § 537.021.1(2).  However, if "the deceased tortfeasor is uninsured" against liability, then the Court "will appoint a personal representative to stand in place of the deceased in the proceedings.'" *Am. Home Assur. Co. v. Pope*, 487 F.3d 590, 605 (8th Cir. 2007) (citing Mo. Rev. Stat. § 537.021.1(2)).  The purpose of the defendant ad litem is to "serve and act as the named party defendant," Mo. Rev. Stat. § 537.021.1(2), with the appointment of a defendant ad litem being permitted in cases where "the injured party seeks recovery from the insurer only." *Pope*, 487 F.3d at 605.

Here, the appointment of a defendant ad litem is improper because the deceased is self-insured which is not considered a form of insurance in this context.  The U.S. Court of Appeals for the Eighth Circuit, along with this Court and "a majority of jurisdictions," have adopted the view that "self-insurance [is] not insurance." *See U.S. Fid. & Guarantee Ins. Co. v. Com. Union Midwest Ins. Co.*, 430 F.3d 929, 937-38 (8th Cir. 2005) (quoting *Consol. Edison Co. of N.Y., Inc. v. Liberty Mut.*, 749 N.Y.S.2d 402, 404 (N.Y. Sup. Ct. 2002)).  Here, the insurance policy's title alone, Self-Insurance Policy, is illustrative that the policy in insufficient for the Court to appoint a defendant ad litem.  This Court's decision in *Burton v. St. Louis Board. of Police Commissioners* reinforces this conclusion. *See* 4:10-cv-1540-TCM, 2011 WL 620832 (E.D. Mo. Feb. 11, 2011).  In *Burton*, this Court found that the State Expense Legal Fund utilized by the City of St. Louis to

---

[1] Plaintiff's Memorandum in Support of the Motion includes what appears to be a typographical error listing Mo. Rev. Stat. § 537.01 instead of Mo. Rev. Stat. § 537.021.  *See* Doc. [74] ¶¶ 6-7.

provide "coverage and indemnification for any judgment against state employees" was "not insurance." *See* 2011 WL 620832, at *1, 3; *see also Armine v. Brooks*, 2:04-cv-04300-NKL, 2005 WL 8158744, at *1 (W.D. Mo. Apr. 6, 2005) (holding that the Legal Expense Fund is not insurance (citing *Casady v. Bd. of Governors of Ne. Mo. State Univ.*, 875 S.W.2d 909 (Mo. Ct. App. 1994))); *see also Kesterton v. Wallut*, 175 S.W.3d 675, 684 (W.D. Mo. Dec. 7, 2004) (determining that "when coupling the language of the [Missouri] statutes with *Casady*, the [Missouri State Legal Expense] Fund is not insurance"). Like the State Expense Legal Fund in *Burton*, here, Decedent's Self-Insurance Policy declares its purpose is to "provide a fund and adequate protection for payment of tort claims against County and present and former County officials, officers, [etc.]" Doc. [75-1] at 1. Therefore, the Self-Insurance Policy, similar to the State Expense Legal Fund, is not insurance, and the prerequisites for appointing a defendant ad litem are not present.[2] As such, the Court will deny Plaintiff's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Defendant Ad Litem, Doc. [74], is **DENIED**.

Dated this 1st of March 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff only puts forward an "agent, designee, or corporate representative" of St. Louis County to be appointed defendant ad litem. Doc. [74] ¶ 11. However, St. Louis County is not a "qualified person" for appointment because St. Louis County is Decedent's liability insurer. *See Youell v. Corr. Med. Servs., Inc.*, 4:10-cv-1180-TIA, 2010 WL 5088221, at *2 (E.D. Mo. Dec. 8, 2010) (finding that Missouri courts have "rejected representation by a decedent's liability insurance as a defendant ad litem" (citing *McConnell v. Kelly*, 860 S.W.2d 362, 364 (Mo. Ct. App. 1993))).